McKean, Chief Justice.
The court will not detain a note or bond in the circumstances mentioned. With respect to the competency of the witness, I remember a case before Chew, Chief Justice, where one Chapman was indicted for playing with false dice, and the person cheated was admitted to be a witness. On the authority of that decision, in a recent trial at Lancaster, the injured party was allowed to give evidence, after a full argument upon the present objection. We have, therefore, no doubt that Meng is a competent witness. (a)

 The case of The King v. Chapman, cited by C. J. McKean in the text, is also stated in Respublica v. Ross, 2 Yeates 4, as follows: “In Rex v. Bates & Chapman, on indictment for a cheat in playing with false dice, and tried in the Mayor’s Court, July sessions 1772 (before Chew, Recorder), Henry Barnhold, the person defrauded, was admitted a witness, after long argument. A copy of the report of the case, taken by Allen, then attorney-general, was read by the counsel.” In Respublica v. Ross (also reported in 2 Dall. 289), which was an indictment for forging a promissory note, the alleged drawer, Joseph Ileister, was held to be competent to prove that his signature was forged. The same point was ruled in Pennsylvania v. Parrel; Addis. 246. But in Respublica v. Ross, it was held, that the indorser, who admitted his signature to be good, was not competent to impeach the validity of the note, until he had paid or satisfied the holder. So, on an indictment for uttering a forged indenture, the party injured was ruled to be a competent witness. Respublica v. Wright, 1 Yeates 401.